

Dated: April 26, 2010

_____
EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

1  Kirk Guinn #015448
2  Guinn Law Group, PLC
3  3707 E Southern Ave, #1070
4  Mesa AZ 85206
5  480-246-8171
6  guinnlawgroupnotices@gmail.com
7
8
9            UNITED STATES BANKRUPTCY COURT
10                 DISTRICT OF ARIZONA
11
12  In Re:                    | Chapter 13
13                            | Case No. 4:09-bk-09125-EWH
14  THERESA BROOKS,           |
15                            | STIPULATED ORDER CONFIRMING
16                            | CHAPTER 13 PLAN
17           Debtor(s).       |
18
19     The Chapter 13 Plan having been properly noticed out to creditors and any
20  objection to confirmation having been resolved,
21     **IT IS ORDERED** confirming the Plan of Debtors as follows:
22
23  1.  **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following
24      amounts of future income to the Trustee for distribution under the Plan
25      a. **FUTURE EARNINGS OR INCOME.** Debtors shall make the following
26         monthly Plan Payments:
27         MONTHS      PAYMENTS
28         1-60        $305.00
29
30      The payments are due on or before the 30th day of each month commencing
31      May 30, 2009. Debtor(s) are advised that when payments are remitted late,
32      additional interest may accrue on secured debts, which may result in a
33      funding shortfall at the end of the Plan term. Any funding shortfall must be
34      cured before the plan is deemed completed.
35

   1    The debtors shall provide directly to the Trustee copies of their **federal** and
   2    **state** income tax returns for post-petition years within 30 days of filing them.
   3    The purpose is to assist the Trustee in determining any change in the debtor's
   4    annual disposable income.
   5
   6    b. OTHER PROPERTY. The Debtors shall provide, directly to the Trustee their
   7    net federal and state income tax refunds for the years 2009, 2010 and 2011, as
   8    supplements to the plan. In the event that other property is submitted, it
   9    shall be treated as supplemental payments. In no event shall the term of the
  10    Plan be reduced to less than 60 months, exclusive of any property recovered
  11    by the Trustee, unless all allowed claims are paid in full.
  12
  13    **2. DURATION:** This Plan shall continue for 60 months from the first regular
  14    monthly payment described in Paragraph 1(a) above. If at any time before the
  15    end of the Plan period all allowed claims are paid, then the Plan shall terminate.
  16
  17    **3. CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be
  18    classified and paid as listed below. The Plan and this Order shall not constitute
  19    an informal proof of claim for any creditor. The Trustee shall receive the
  20    percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the
  21    Trustee will pay creditors in the following order:
  22
  23    a. Administrative Expenses.
  24    Attorney Fees: Kirk Guinn shall be allowed total compensation of $4,000.00.
  25    Counsel received $1,500.00 prior to filing this case and will be paid
  26    $2,500.00 by the Chapter 13 Trustee.
  27
  28    b. Claims Secured By Real Property.
  29    None
  30
  31    c. Claims Secured By Personal Property.
  32    1. **Arizona Central Credit Union**, secured by a lien on a 2005 Dodge
  33    Caravan, shall be paid their claim amount of $6,735.00 together with

In Re: Brooks
Case No. 09-09125

5.25% interest. The creditor will receive adequate protection payments of $68.00 per month.

d. Unsecured Priority Claims.

None

e. Surrendered Property.

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

1. The Debtor(s) will surrender the real property located at 1041 N Constitution, Tucson AZ 85748 in which HSBC Mortgage Services, Inc has a security interest.

f. Other Provisions: None

g. Unsecured Nonpriority Claims. All other claims shall be classified as unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

4. EFFECTIVE DATE AND VESTING. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

---
ORDER SIGNED ABOVE
---

Approved As To Form And Content By:

_____ 4/22/10
Dianne Kerns, Chapter 13 Trustee

_____
Kirk Guinn, Attorney for Debtors

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

Theresa Brooks
_____
Theresa Brooks, Debtor

In Re: Brooks
Case No. 09-09125